# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Chad Husselbee and Glasshouse Nursery, LLC, | Case No. 2:25-cv-4460-RMG |
| Plaintiffs, | |
| v. | **ORDER** |
| Clemson University, *et al*., | |
| Defendants. | |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge (Dkt. No. 21) recommending that the Court summarily dismiss this action without leave to amend or service of process because of a lack of federal jurisdiction. The Magistrate Judge further recommends that Plaintiff's motion for temporary injunction be denied because of the lack of federal jurisdiction. (Dkt. No. 21). Plaintiffs have filed objections, making essentially policy arguments why it is necessary for the Court to exercise federal jurisdiction in this matter. (Dkt. No. 26). Since the issuance of the R & R, Plaintiffs have filed a motion for an evidentiary hearing, a motion to strike defense filings (there are none), a motion for judicial review, a motion to disqualify defense counsel (who have not made an appearance), a motion to certify constitutional questions, and a motion to deem service waived. (Dkt. Nos. 27, 28, 29, 30, 31, 32).

**I.  Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made,

and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.   Factual Background

Plaintiffs, acting pro se, assert in their complaint that they learned that Defendant Clemson University was preparing to demolish historic greenhouses and communicated with university staff about the possibility of relocating the greenhouses to their property at their own expense. Plaintiffs assert that after multiple communications with university staff they prepared "the necessary equipment, land, labor and financing to move the greenhouses" in reliance upon those discussions. (Dkt. No. 1 at 7). Plaintiffs assert that they have suffered financial, reputational, and logistical harm as a result of Clemson University's decision to retain the greenhouses. (*Id.*).[1]

Plaintiffs assert federal jurisdiction exists under the False Claims Act, 31 U.S.C. § 3729-3733; Destruction of Government Property, 18 U.S.C. § 1361; National Historic Preservation Act, 54 U.S.C. § 306101 *et seq.*; Federal Property and Administrative Services Act, 40 U.S.C. § 40 U.S.C. §§ 550, 3306; Internal Revenue Code, 26 U.S.C. § 47; Freedom of Information Act, 5

---

[1] The Magistrate Judge correctly notes that it is improper for Glasshouse Nursery, LLC to assert a pro se claim since it is well settled that corporate entities must be represented by counsel. The Court agrees, however, that since there is no federal jurisdiction over this matter, it would be futile to require Glasshouse Nursery LLC to retain counsel. (Dkt. No. 21 at 5).

U.S.C. § 552 *et seq*.; Federal Records Act, 44 U.S.C. § 2101 *et seq*.; Administrative Procedures Act, 5 U.S.C. § 701 *et seq*.; and 42 U.S.C. § 1983. Plaintiffs seek damages in the amount of $58 million and a temporary injunction enjoining Clemson University from taking any action regarding the greenhouses until the end of this litigation. Plaintiff further asserts state law claims for breach of implied contract, promissory estoppel, unjust enrichment, negligent misrepresentation, and tortious interference.

### III. Discussion

The Magistrate Judge's R & R addresses in detail each of the asserted bases of federal jurisdiction and concludes that none are applicable to the claims of Plaintiffs against Clemson University and its associated named defendants. Plaintiffs' objections are essentially policy arguments, arguing that this "state issue" is "unmistakably federal in origin" and if the Defendants are allowed to prevail "it will set a precedent that private institutions and state actors who receive federal funds can act with impunity—not immunity—against the very taxpayers that they are meant to serve." (Dkt. No. 26 at 11).

The Court has reviewed each of Plaintiffs' federal statutory claims and finds that the Magistrate Judge ably addressed the relevant factual and legal issues and correctly concluded that there is no federal jurisdiction in this matter. Since there is no federal jurisdiction, the Court declines to consider any state common law and equitable claims under the Court's supplemental jurisdiction. The Court further agrees with the Magistrate Judge's recommendation that Plaintiffs are not entitled to a temporary injunction since there is no federal jurisdiction. Finally, the Court denies all of Plaintiffs' motions filed after the issuance of the R & R (Dkt. Nos. 27, 28, 29, 30, 31, 32) based upon the Court's lack of federal jurisdiction.

## IV. Conclusion

In light of the foregoing, the R&R is **ADOPTED** as the Order of the Court (Dkt. No. 21), the motion for preliminary injunction (Dkt. No. 4) is **DENIED**; all other pending motions (Dkt. Nos. 27, 28, 29, 30, 31, 32) are **DENIED**, and the case is **DISMISSED** without prejudice and without service of process.

**AND IT IS SO ORDERED.**

                                                            s/ Richard Mark Gergel
                                                           Richard Mark Gergel
                                                           United States District Judge

July 1, 2025
Charleston, South Carolina